In re DUNN et al.

AMOSKEAG NAT. BANK et al. v. FAIRBANKS et al.

(District Court, D. New Hampshire. October 10, 1892.)

1. BANKRUPTCY—COMPOSITION—VACATION FOR FRAUD—SETTING ASIDE DECREE—NOTICE TO CREDITORS.
   Where a creditor of a bankrupt, without notice to, or a hearing of, creditors who had consented to a compromise, petitioned for and obtained an order vacating for fraud orders of acceptance and confirmation, and for the recordation of the resolution of compromise, the bankrupt court, on petition of the creditors, will set aside such order as based in error resulting from lack of notice to interested parties, where the fact of such error does not fully appear of record.

2. SAME—NOTICE TO CORPORATION—LACHES.
   Where a bank, as one of the creditors consenting to the compromise, petitions to set aside the order for lack of notice, the fact that the depositions of two officers of the bank were taken in the bankruptcy proceedings seven

months after the granting of the order does not render the bank chargeable with notice at that time, and so guilty of laches in not earlier seeking to vacate the order.

**3. SAME—ANOTHER ACTION PENDING.**
The fact that a proceeding based upon an order of the district court is pending in the circuit court in behalf of the assignee, in which such order may or may not be the subject of collateral attack, does not deprive the district court of its power, or relieve it of its duty, to correct its records, in a direct proceeding to that end.

In Bankruptcy. Petition by the Amoskeag National Bank and David B. Varney, creditors of Cyrus Dunn, a bankrupt, against Alfred G. Fairbanks, assignee, David C. Whittemore, a creditor, and Adoniram J. Lane, as administrator of Cyrus Dunn, deceased, to vacate an order granted on the application of David C. Whittemore, which rescinded and nullified an order permitting a resolution of compromise to be recorded, and orders of acceptance and confirmation. Granted.

T. L. Livermore and Drury & Peaslee, for Bank and Varney.
Wm. L. Foster, for Fairbanks.

ALDRICH, District Judge. July 13, 1875, Dunn, Harris & Co. were adjudged bankrupts, and the plaintiff bank was a creditor in an amount exceeding $5,000. August 3d of the same year, the defendant Fairbanks was appointed assignee. Subsequently certain agreements were made between the bankrupt David B. Varney and the Amoskeag bank in the direction of a compromise, and after proceedings to that end on the part of the creditors and others the district court, December 31, 1875, ordered the resolution of compromise to be recorded; and on the same day the bankrupt Dunn entered into an agreement with Varney whereby he (Varney) was to furnish money to pay creditors, and take a conveyance of the estate of the bankrupts in the hands of the assignee. In pursuance of this arrangement, Varney advanced money to pay creditors. April 28, 1876, the assignee conveyed the property to Varney, and the account was accepted and the assignee discharged. In these transactions Varney was acting for the bank, and between December, 1875, and July 31, 1876, the bank, relying upon the agreements and orders in the proceedings, paid to the creditors something like $5,000.

March 4, 1878, David C. Whittemore, a creditor, filed a petition in this court setting forth, in substance, that the composition was effected through fraud, and asking that it be set aside. No notice of the Whittemore proceeding was given to the Amoskeag bank or to Varney, or to any creditor; Dunn, the bankrupt, only being notified. April 6, 1880, upon such proceeding and without hearing these plaintiffs, the order of December 31, 1875, permitting the resolution of compromise to be recorded, and the orders of acceptance and confirmation, were rescinded and declared null and void.

The proceeding at bar is a direct proceeding to vacate such order of April 6, 1880, and I think the relief sought should be granted. The bank as creditor, and the bank and Varney by reason of the transactions based upon the agreements and previous orders, were interested parties, and entitled to notice. An issue of fraud was determined against them without notice and without a hearing. It was

distinctly ruled by Judge Lowell in the Massachusetts district that the statutory notice means notice to the creditors as well as the debtor. In re Brodt, 16 N. B. R. 320. The reasons for notice in the case at bar are much stronger than in the Massachusetts proceeding. Here the bank, by virtue of the transactions and orders through its agent, had advanced large sums to the creditors; and, if the prior transactions and proceedings were to be attacked, it is quite clear that they should have had notice. The order of April 6, 1880, declaring, in effect, the prior proceedings void, places a cloud upon the plaintiffs' title, which is based upon the earlier proceedings, and upon this ground the plaintiffs are in a position to seek the relief prayed for.

The only claim of notice, as a matter of fact, is that the depositions of Moody Currier and David B. Varney, who were officials of the bank, were taken in the bankruptcy proceedings on the 11th day of November, 1880, (some seven months after the decree complained of,) and that the plaintiffs are therefore chargeable with notice at that time, and so guilty of laches in not pursuing this remedy at an earlier day. Under the circumstances I do not think the laches of the plaintiffs of such a character as to deprive them of their legal and equitable right to insist upon the irregularity complained of; and, so far as it is a matter of fact, I so find. I am also of opinion that the fact that a proceeding based upon the order of April 6, 1880, is now pending in the circuit court in behalf of the assignee, in which such order may or may not be the subject of collateral attack, does not deprive this court of its power, or relieve it of its duty, to correct its records and decrees according to justice, in a direct proceeding to that end.

The question here is whether this court shall permit a decree to stand which is based in error resulting from a lack of notice to interested parties, the fact of such error not fully appearing upon the record. Whether these plaintiffs, together with other defendants in a suit pending against them in another court, upon a decree of this court regular upon its face, may or may not broadly put in issue irregularities not fully apparent upon the face of the record, or whether they may make a full defense upon the merits behind the record, or special defenses upon special answers to the allegations of fraud, such as the statutory limitations, and other alleged grounds as reasons why the order of April 6, 1880, should not have passed, is not for me to decide, except so far as such point is involved in the holding that the proceeding in the circuit court is not a bar to the direct proceeding here. In determining the questions involved in this petition for relief, I do not consider, or in any way pass upon, the question of fraud, or the legality of the proceedings relative to the composition. I only consider that the issue of fraud is raised against the creditors, and upon this question I am of opinion that the creditors taking part in the composition are interested parties, entitled to notice and their day in court. In view of the manifest right of the plaintiffs in this respect, I assume that the learned judge entering the order inadvertently overlooked the statute and decisions on the subject. The order of April 6, 1880, is vacated and set aside. After due notice to parties interested, the questions involved in the Whittemore petition will be heard.